**UNITED STATES of America,**
**Appellee,**

v.

**Thomas AQUINO, Defendant–**
**Appellant.**

**Docket No. 02–1192.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Lawrence L. Kasperek, Rochester, NY, for Appellant.

Bradley E. Tyler, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, of counsel), Rochester, NY, for Appellee.

Present NEWMAN, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant Thomas Aquino appeals from a judgment entered on March 12, 2002, in the United States District Court for the Western District of New York (David G. Larimer, *Chief Judge*), convicting him of possession of a stolen firearm, in violation of §§ 922(j) and 924(a)(2), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him to 84 months of imprisonment, three years of supervised release, a fine of $500, and a special assessment of $300. In an earlier direct appeal, Aquino argued, *inter alia,* that he had received ineffective assistance of counsel, and we remanded to the district court for an evidentiary hearing on his ineffectiveness claims. *United States v. Aquino,* 2001 WL 15607, at *3, 2001 U.S.App. LEXIS 326, at *10 (2d Cir. Jan.5, 2001). The district court appointed new counsel, conducted an evidentiary hearing, and rejected Aquino's motion for a new trial. *United States v. Aquino,* 207 F.Supp.2d 54 (W.D.N.Y.2002).

On appeal, Aquino argues chiefly that counsel's failures to investigate the government's fingerprint evidence or consult a fingerprint expert were objectively unreasonable omissions, which deprived Aquino of his right to the effective assistance of counsel. In addition, Aquino argues that counsel was ineffective by (1) conducting a cross-examination that was inconsistent with his trial strategy; (2) failing to investigate the disposition of the state charges against Aquino; (3) failing to make timely objections to the magistrate judge's re-

peated extensions;[1] and (4) failing to make a timely objection to the "ammunition" charges in the indictment.[2]

A defendant who alleges a Sixth Amendment violation must demonstrate both that (1) counsel's conduct fell below an objective standard of reasonableness and that (2) but for counsel's deficient conduct, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to do so,

> the defendant [must] affirmatively prove prejudice.... It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.... The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* at 693–94.

Aquino has not met this burden of proof. He has not produced any evidence to suggest that if counsel had investigated the government's fingerprint evidence or consulted a fingerprint expert, he would have discovered exculpatory evidence that might have altered the outcome of the trial. Indeed, Aquino has not introduced any evidence of prejudice at all.

For the foregoing reasons, the judgment of the district court is hereby AF-FIRMED.

---

1. In the earlier appeal we concluded that Aquino's speedy trial claims were meritless and procedurally waived. *Aquino,* 2001 WL 15607, at *3, 2001 U.S.App. LEXIS 326, at *9.

2. In the earlier appeal the government conceded that it was "plain error" to charge Aquino for possession of both a "firearm" and "ammunition" under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Aquino,* 2001 WL 15607 at *3, 2001 U.S.App. LEXIS 326, at *10; *cf. United States v. Pelusio,* 725 F.2d 161, 168–69 (2d

Cir.1983) (holding that a defendant may not be charged separately for receiving both a "firearm" and "ammunition" under 18 U.S.C. § 922(h) unless the government offers evidence that the firearm and ammunition were received on separate occasions). We therefore vacated Aquino's possession of ammunition conviction and remanded to the district court for resentencing on the remaining two counts. *Aquino,* 2001 WL 15607, at *3, 2001 U.S.App. LEXIS 326, at *10.